UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JERED FRIEDLAND.

                        Plaintiff,                      Case No. 17 CV 1259 (GBD) (JLC)

-against-

ADVANCED AMERICAN STYLE Inc. d/b/a b michael
AMERICA, THE ACT 1 GROUP,
MICHAEL ANTHONY BROWN Individually,
MARK-ANTHONY EDWARDS Individually,
AND BRETT HOWROYD Individually,

                        Defendants,
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF COUNSEL'S MOTION TO WITHDRAW

McGuireWoods LLP
Philip A. Goldstein, Esq.
*pagoldstein@mcguirewoods.com*
1251 Avenue of the Americas, 20th Floor
New York, NY 10020
(212) 548-2100

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    I.    Irreconcilable Differences and Failure to Cooperate in Defense Warrants Withdrawal of Counsel ............................................................................................. 3

    II.    Failure to Pay Legal Fees Constitutes Sufficient Good Cause for Permitting Withdrawal of Counsel ............................................................................................. 4

    III.    McGuireWoods Satisfies the Standards for Withdrawal as Counsel ........................ 5

    IV.    Withdrawal of Counsel Will Not Prejudice Plaintiff or Advanced American Defendants .............................................................................................................. 6

CONCLUSION .............................................................................................................................. 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Dep't of Corr.*,
 2008 U.S. Dist. LEXIS 73624 (W.D.N.Y. Sept. 18, 2008) ...................................................... 4

*Blue Angel Films, Ltd. v. First Look Studios, Inc.*,
 2011 U.S. Dist. LEXIS 16674 (S.D.N.Y. Feb. 17, 2011) ........................................................ 4

*Casper v. Lew Lieberbaum & Co.*,
 1999 U.S. Dist. LEXIS 7779 (S.D.N.Y. May 24, 1999) .......................................................... 4

*Chuchuca v. Creative Customs Cabinets, Inc.*,
 Case No. 13 CV 2506 (RLM) (E.D.N.Y.) ................................................................................ 3

*Cower v. Albany Law Sch. of Union Univ.*,
 2005 U.S. Dist. LEXIS 13669 (S.D.N.Y. July 8, 2005) .......................................................... 5

*D.E.A.R. Cinestudi S.P.A. v. Int'l Media Films, Inc.*,
 2006 WL 1676485 (S.D.N.Y. June 16, 2006) ......................................................................... 4

*Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc.*,
 2005 U.S. Dist. LEXIS 17008 (S.D.N.Y. Aug. 15, 2005) ....................................................... 4

*Dowler v. Cunard Line Ltd.*,
 1996 U.S. Dist. LEXIS 9100 (S.D.N.Y. June 28, 1996) ......................................................... 3

*Hallmark Capital Corp. v. Red Rose Collection*,
 1997 U.S. Dist. LEXIS 16328 (S.D.N.Y. Oct. 21, 1997) ........................................................ 3

*HCC, Inc. v. RH&M Mach. Co.*,
 1998 WL 411313 (S.D.N.Y. July 20, 1998) ............................................................................ 5

*Karimian v. Time Equities, Inc.*,
 2011 U.S. Dist. LEXIS 51916 (S.D.N.Y. May 11, 2011) ....................................................... 3

*McGuire v. Wilson*,
 735 F. Supp. 83 (S.D.N.Y. 1990) ............................................................................................ 4

*Monteleone v. The Leverage Group*,
 2009 U.S. Dist. LEXIS 27359 (E.D.N.Y. 2009) ..................................................................... 2

*Naguib v. Pub. Health Solutions*,
 2014 U.S. Dist. LEXIS 67125, 2014 WL 2002824 (E.D.N.Y. May 15, 2014) ...................... 3

*Sansiviero v. Sanders*,
   117 A.D.2d 794, 499 N.Y.S.2d 431 (2d Dep't 1986) ................................................................4

*Tufano v. City of New York*,
   No. 94 Civ. 8655, 1996 WL 419912 (S.D.N.Y. July 25, 1996) ................................................4

*United States v. Parker*,
   439 F.3d 81 (2d Cir. 2006) ........................................................................................................4

**Other Authorities**

22 N.Y.C.R.R.
   § 1200.0.16(c)(4), (5), and (7) ...................................................................................................2

Local Civil Rule
   1.4 ......................................................................................................................................1, 2, 5

New York Rules of Professional Conduct Rules
   1.16(c)(4), (5) & (7) .........................................................................................................1, 2, 3, 5

Movant McGuireWoods LLP ("McGuireWoods"), counsel for settlement purposes only for defendants Advanced American Style Inc. d/b/a b Michael America, Michael Anthony Brown, and Mark-Anthony Edwards (collectively "Advanced American Defendants") in the above-captioned action, respectfully submits this memorandum of law, together with the accompanying declaration of Philip A. Goldstein, in support of its motion for an order pursuant to Local Rule 1.4 of this Court and Rules 1.16(c)(4), (5) & (7) of the New York Rules of Professional Conduct: (1) granting McGuireWoods leave to withdraw as counsel for Advanced American Defendants; and (2) granting McGuireWoods such other relief which to the Court seems proper.

**PRELIMINARY STATEMENT**

As set forth more fully in the Declaration of Philip A. Goldstein, Esq. ("Goldstein Dec."), McGuireWoods seeks leave to withdraw as counsel of record for settlement purposes only for Advanced American Defendants for the following reasons: (1) Advanced American Defendants and McGuireWoods have divergent and irreconcilable views regarding the litigation strategy to employ in this matter; (2) Advanced American Defendants failed to cooperate in their defense; (3) McGuireWoods was retained by Advanced American Defendants to negotiate a settlement of the above-captioned action, which it did, but Advanced American Defendants admittedly failed to comply with the terms of the settlement; and (4) Advanced American Defendants failed to timely pay McGuireWoods' legal fees and expenses.

Prior to making this motion, McGuireWoods advised Advanced American Defendants and the Court that it would file a motion to withdraw on the grounds set forth herein. Advanced American Defendants consented to McGuireWoods' withdrawal as its counsel and acknowledged in their letter to the Court, dated May 11, 2018, that they "no longer have legal representation in

this matter." (*See* Dkt. No. 69.) The background facts and procedural history of this matter are set forth in the Goldstein Declaration.

## ARGUMENT

It is clear that "[d]istrict courts have wide discretion in deciding to grant a motion for an attorney's withdrawal." *Monteleone v. The Leverage Group*, 2009 U.S. Dist. LEXIS 27359, at *2 (E.D.N.Y. 2009). Withdrawal of counsel from representation is governed by Rule 1.4 of the Local Civil Rules for the Southern District of New York which provides as follows:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by an order of the Court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

This Court also may consider the New York Rules of Professional Conduct ("RPC"), including RPC sections 1.16 (c)(4), (5), and (7) which permits an attorney to withdraw from representing a client where the client fails to pay for legal services rendered, insists upon taking action with which the lawyer has a fundamental disagreement or fails to cooperate in its representation. 22 N.Y.C.R.R. § 1200.0.16(c)(4), (5), and (7). Specifically, RPC 1.16 permits withdrawal if "the client insists upon taking action with which the lawyer has a fundamental disagreement," "the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees," or "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." RPC 1.16 (c)(4), (5), and (7).

## I. Irreconcilable Differences and Failure to Cooperate in Defense Warrants Withdrawal of Counsel.

Under Rule1.16(c)(4) of the RPC, a lawyer may withdraw from representation where "the client insists upon taking action with which the lawyer has a fundamental disagreement" or an irreconcilable conflict exists between the attorney and client. Furthermore, under Rule 1.16(c)(7), the lawyer may withdraw where "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." *See Karimian v. Time Equities, Inc.*, 2011 U.S. Dist. LEXIS 51916, at *4- *5 (S.D.N.Y. May 11, 2011) (citations omitted); *see also Naguib v. Pub. Health Solutions*, 2014 U.S. Dist. LEXIS 67125, 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014) (withdrawal motion granted where client refused to communicate and cooperate with counsel); *Hallmark Capital Corp. v. Red Rose Collection*, 1997 U.S. Dist. LEXIS 16328, at *8-*9 (S.D.N.Y. Oct. 21, 1997) ("[T]he client and counsel have irreconcilable differences, that is a satisfactory reason to allow counsel to withdraw."); *Dowler v. Cunard Line Ltd.*, 1996 U.S. Dist. LEXIS 9100 (S.D.N.Y. June 28, 1996) (permitting withdrawal on the grounds that "strong evidence of a strained attorney-client relationship regardless of the source of the strain is sufficient grounds" for an attorney to withdraw). Counsel has been permitted to withdraw where, as here, a client is experiencing financial difficulties and failed to comply with a negotiated settlement. *See, e.g.*, Memorandum and Order D.E. 29, *Chuchuca v. Creative Customs Cabinets, Inc.*, Case No. 13 CV 2506 (RLM) pending in the Eastern District of New York (granting motion to withdraw where counsel was retained by defendants, who were in financial distress, to "negotiate a speedy settlement", but defendants failed to execute resulting agreement).

Withdrawal also has been permitted where "an irreconcilable conflict [] developed between [counsel and client] regarding litigation strategy." *Hallmark Capital Corp.*, 1997 U.S. Dist. LEXIS

3

16328 (quoting *Tufano v. City of New York*, No. 94 Civ. 8655, 1996 WL 419912 at *1 (S.D.N.Y. July 25, 1996) and (citing *Sansiviero v. Sanders*, 117 A.D.2d 794, 795, 499 N.Y.S.2d 431, 431 (2d Dep't 1986) (motion to withdraw granted in "light of the irreconcilable differences between" counsel and his client "with respect to the proper course to be pursued by counsel in the litigation"); *see also Casper v. Lew Lieberbaum & Co.*, 1999 U.S. Dist. LEXIS 7779 (S.D.N.Y. May 24, 1999) (permitting withdrawal where plaintiffs and original counsel disagreed about litigation strategy, the value of the case, [and] the strength of the case"). Furthermore, "counsel ethically can withdraw where the client insists upon a course of conduct that is contrary to the judgment and advice of counsel." *Ashcroft v. Dep't of Corr.*, 2008 U.S. Dist. LEXIS 73624, 14-16 (W.D.N.Y. Sept. 18, 2008).

**II.     Failure to Pay Legal Fees Constitutes Sufficient Good Cause for Permitting Withdrawal of Counsel.**

The Second Circuit has acknowledged that "where the client 'deliberately disregarded' financial obligations," nonpayment of legal fees "may constitute 'good cause' to withdraw." *United States v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006) (quoting *McGuire v. Wilson*, 735 F. Supp. 83, 84 (S.D.N.Y. 1990). Similarly, this Court has found that the failure to pay legal fees is a legitimate ground for granting a motion to withdraw as counsel, and counsel is not required to work *pro bono*. *See, e.g.*, *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, 2011 U.S. Dist. LEXIS 16674, at *7-8 (S.D.N.Y. Feb. 17, 2011) ("Although there is no clear standard for what may be considered a 'satisfactory reason' for allowing a withdrawal, it seems evident that the non-payment of legal fees constitutes such a reason."); *D.E.A.R. Cinestudi S.P.A. v. Int'l Media Films, Inc.*, 2006 WL 1676485, at *1 (S.D.N.Y. June 16, 2006) ("It is well-settled that nonpayment of fees is a valid basis for the Court to grant counsel's motion to withdraw."); *Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc.*, 2005 U.S. Dist. LEXIS 17008, at *1 (S.D.N.Y. Aug. 15, 2005)

("'Satisfactory reasons' include failure to pay legal fees,. . . .") (internal citations omitted); *Cower v. Albany Law Sch. of Union Univ.*, 2005 U.S. Dist. LEXIS 13669, at *16 (S.D.N.Y. July 8, 2005) ("It is well settled that nonpayment of fees is a legitimate ground for granting counsel's motion to withdraw.") (citation omitted); *HCC, Inc. v. RH&M Mach. Co.*, 1998 WL 411313, at * 1 (S.D.N.Y. July 20, 1998) (granting withdrawal and stating that it would not "impose on counsel an obligation to continue representing [corporate] defendants pro bono").

### III. McGuireWoods Satisfies the Standards for Withdrawal as Counsel.

As set forth above, courts regularly grant counsel's motion for leave to withdraw, where, as here, (1) there are diverging and irreconcilable views with respect to the appropriate strategy to employ in a litigation; (2) a client fails to cooperate in their defense; and (3) a client fails to pay fees for legal services rendered or is unable or unwilling to pay for services to be rendered in the future. Thus, in light of irreconcilable differences as to litigation strategy, Advanced American Defendants' failure to cooperate in their defense, Advanced American Defendants' failure to comply with the terms of a Court negotiated and approved settlement, and failure to pay McGuireWoods' invoices for its legal fees and expenses, McGuireWoods' motion to be relieved as counsel for Advanced American Defendants should be granted.

McGuireWoods is seeking to withdraw as counsel in this action pursuant to Local Rule 1.4 of this Court and Rules 1.16(c)(4), (5), and (7) of the New York Rules of Professional Conduct. The New York Rules of Professional Conduct require counsel to maintain the confidences of the Advanced American Defendants. Because of that requirement, undersigned counsel respectfully submits that the explanation provided is sufficient. *See, e.g.*, N.Y. State Bar Ass'n Comm. On Prof'l Ethics, Advisory Op. 1057 (2015), 2015 WL 4592234, at *3 ("the Rules anticipate that the court will usually not demand the disclosure of confidential information if the lawyer advises the

court that 'professional considerations' require withdrawal"); American Bar Association, Standing Committee on Ethics and Professional Responsibility, Formal Opinion 476 (Dec. 19, 2016). At the Court's request, McGuireWoods will provide additional information for *in camera* review.

### IV. Withdrawal of Counsel Will Not Prejudice Plaintiff or Advanced American Defendants.

None of the other parties will be prejudiced by McGuireWoods' withdrawal. Advanced American Defendants have consented to McGuireWoods' motion to withdraw as counsel and acknowledged in its letter to the Court, dated May 11, 2018, that they "no longer have legal representation in this matter." (*See* Dkt. No. 69.) Plaintiff also will not be prejudiced by McGuireWoods' withdrawal. Indeed, this Court has already issued a Judgement in favor of Plaintiff in the amount of $131,250.00. (*See* Dkt. No. 70.)

Accordingly, McGuireWoods respectfully requests the Court to grant its motion for leave to withdraw as counsel for Advanced American Defendants.

### CONCLUSION

For all of the foregoing reasons, McGuireWoods respectfully requests that this Court grant its motion to withdraw as counsel for Advanced American Defendants.

Dated: May 21, 2018
New York, New York

McGUIREWOODS LLP

By: *s/ Philip A. Goldstein*
Philip A. Goldstein
McGuireWoods LLP
1251 Avenue of the Americas, 20th Floor
New York, NY 10020
(212) 548-2100
*pagoldstein@mcguirewoods.com*