Philip A. Goldstein
*pagoldstein@mcguirewoods.com*
McGuireWoods LLP
1251 Avenue of the Americas, 20th Floor
New York, NY 10020
(212) 548-2100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JERED FRIEDLAND,

               Plaintiff,                    Case No. 17 CV 1259 (GBD) (JLC)

-against-                              **DECLARATION OF**
                                        **PHILIP A. GOLDSTEIN**
                                        **IN SUPPORT OF MOTION BY**
                                        <u>**COUNSEL TO WITHDRAW**</u>

ADVANCED AMERICAN STYLE Inc. d/b/a b michael
AMERICA, THE ACT 1 GROUP,
MICHAEL ANTHONY BROWN (individually),
MARK-ANTHONY EDWARDS Individually,
AND BRETT HOWROYD Individually,

               Defendants,
-------------------------------------------------------------------X

      I, Philip A. Goldstein, Esq., hereby declare as follows:

      1.     I am Counsel with McGuireWoods LLP, counsel for Defendants Advanced American Style, Inc. d/b/a b Michael America, Michael Anthony Brown, and Mark-Anthony Edwards (collectively "Advanced American Defendants") in the above action for the limited purpose of negotiating a settlement. McGuireWoods has not been retained to represent any defendant if a settlement could not be reached. I am over 18 years of age and am fully familiar with the facts and circumstances of this action.

      2.     I respectfully submit this declaration, together with an accompanying memorandum of law, in support of McGuireWoods' motion to withdraw as counsel of record for Advanced American Defendants.

3.      McGuireWoods requests to be relieved as counsel for Advanced American Defendants because of a fundamental and irreconcilable difference in litigation strategy. Advanced American Defendants also have failed to pay McGuireWoods' outstanding fees and costs, which were invoiced monthly, and there is no prospect of Advanced American Defendants doing so in the foreseeable future.

4.      McGuireWoods is not asserting a retaining lien or charging lien in this matter.

**A.      Background and Procedural History**

5.      McGuireWoods has acted on behalf of the Advanced American Defendants since 2013 in a variety of capacities.

6.      Plaintiff commenced this action on or about February 17, 2017, against The Act 1 Group, Brett Howroyd, and Advanced American Defendants.  (Dkt. No. 1.)   Plaintiff alleges claims for: (1) unpaid wages and overtime pursuant to the Fair Labor Standards Act and the New York Labor Law ("NYLL"); (2) failure to furnish wage statements pursuant to the NYLL; (3) failure to pay benefits and wage supplements in violation of the NYLL; and (4) failure to pay spread of hours in violation of the NYLL.

7.      An Initial Pretrial Conference originally was scheduled for May 18, 2017, before the Honorable George B. Daniels.  (Dkt. No. 20.)

8.      On May 15, 2017, Plaintiff requested that the Initial Pretrial Conference be adjourned *sine die*.  In his letter to the Court, Plaintiff stated that the parties anticipated a settlement would be finalized within thirty (30) days and that the parties would provide an update to the court. (Dkt. No. 28.)  Judge Daniels granted this request.  (Dkt. No. 29.)

9.      On June 19, 2017, Plaintiff requested a two week extension until July 3, 2017, for the parties to finalize the settlement. (Dkt. No. 30.) Judge Daniels granted this request. (Dkt. No. 31.)

10.      On July 3, 2017, I submitted a letter requesting a two-week extension for the parties to finalize the settlement. (Dkt. No. 32.) I also advised the Court that McGuireWoods was retained by Advanced American Defendants for the limited purpose of procuring a settlement and that McGuireWoods was not retained to represent any defendant if a settlement could not be reached. *Id.* In addition, I advised the Court that Advanced American Defendants were in the process of closing a business deal for defendant Advanced American Style Inc. and obtaining funds which delayed finalizing the settlement. *Id.* Judge Daniels granted this request. (Dkt. No. 33.)

11.      Two weeks later, on July 17, 2017, I submitted a letter again stating that McGuireWoods was retained by Advanced American Defendants for the limited purpose of negotiating a settlement. (Dkt. No. 34.) I also requested an extension of time until July 26, 2017, for the parties to finalize a settlement. *Id.* Judge Daniels granted this request. (Dkt. No. 35.)

12.      On July 26, 2017, I advised the Court that defendant Advanced American Style Inc. was unable to finalize the transaction that I referenced in my July 3, 2017, letter but was actively seeking alternative funding solutions. I also stated that Advanced American Defendants remained committed to the settlement but needed additional time. Accordingly, I requested an extension of time until September 15, 2017, for the parties to finalize a settlement. (Dkt. No. 36.) The July 26 letter also states that McGuireWoods was retained by Advanced American Defendants for the limited purpose of negotiating a settlement. *Id.* Judge Daniels granted this request. (Dkt. No. 37)

13.      On September 15, 2017, Plaintiff advised the Court that a settlement was not finalized and requested that this matter be restored to the active calendar. (Dkt. No. 43.) The court

subsequently referred this matter to Magistrate Judge James L. Cott and an initial case management conference was scheduled for October 5, 2017. (Dkt. No. 46.)

14.     On September 28, 2017, counsel for Plaintiff requested that the initial case management conference be adjourned due to their scheduling conflicts. (Dkt. No. 47.) The Court granted Plaintiff's request and the initial case management conference was rescheduled for November 9, 2017. (Dkt. No. 48.)

15.     On November 7, 2017, Plaintiff's counsel again requested an adjournment of the initial case management conference while the parties continued to discuss a possible settlement. (Dkt. No. 49.) The Court granted this request and rescheduled the initial case management conference to January 3, 2018. (Dkt. No. 50.)

16.     On December 28, 2017, I submitted a letter requesting that the initial case management conference be adjourned to provide defendants with additional time to seek representation if a settlement could not be finalized. (Dkt. No. 52.) The Court granted this request and the initial case management conference was adjourned to January 18, 2017. (Dkt. No. 53.)

17.     On February 12, 2018 Plaintiff, together with his counsel, and Advanced American Defendants, together with Walter H. White, Jr., Esq. (Partner at McGuireWoods) and me, appeared before the Honorable James L. Cott for a settlement conference, and reached a settlement in principle.

18.     On March 12, 2018, Plaintiff and Advanced American Defendants submitted a copy of their settlement agreement for the Court's review and approval. (*See* Dkt. No. 63.)

19.     Under the settlement agreement, Advanced American Defendants agreed to pay Plaintiff a total amount of $109,375.00 to resolve this case. Advanced American Defendants agreed to pay the amount owed through monthly settlement payments, the first of which was due

on April 2, 2018. Furthermore, as part of the settlement, individual defendants Brown and Edwards each signed an affidavit of confession of judgment as well as a personal guaranty. (see Dkt. No. 63-1, Exhibit C.)

20.     By order dated March 22, 2018, the Court approved the settlement. (Dkt. No. 65.)

21.     By letter dated April 30, 2018, Plaintiff reported that Advanced American Defendants failed to make the first monthly payment due on April 2, 2018, thus defaulting on their obligations under the settlement. (*See* Dkt. Nos. 66, 68.)  Plaintiff requested that the Court direct the Clerk to enter judgment against Advanced American Defendants pursuant to the terms of the parties' settlement agreement.

22.     On May 9, 2018, the Court issued an order directing Advanced American Defendants to respond to Plaintiff's April 30 letter. (Dkt. No. 67).

23.     By letter dated May 11, 2018, which was sent to the Court by mail but not filed on ECF, Advanced American Defendants submitted a *pro se* response to Plaintiff's April 30 letter. (Dkt. No. 69.)  In their letter, Advanced American Defendants state that they are "unable to make timely payments based on the dire financial posit[i]on of the business and ourselves personally." Advanced American Defendants also state that they "no longer have legal representation in this matter."  (*Id.*)

24.     On May 16, 2018, the Honorable James L. Cott Ordered that "[t]he Clerk of the Court is respectfully directed to enter judgment in favor of Plaintiff and against [Advanced American Defendants] in the amount of $109,375.00 plus a penalty in the amount of twenty percent (20%) for a total of **$131,250.00** pursuant to the parties' settlement agreement." (Dkt. No. 68.)  The Court also ordered me to inform the Court if I continue to represent Advanced American

Defendants in this case, and if not, to file a formal application to withdraw as counsel by May 23, 2018. (*Id.*)

25.     On May 16, 2018, the Clerk of the Court entered Judgement in favor of Plaintiff in the amount of $131,250.00.  (Dkt. No. 70.)

26.     Withdrawal will not substantially impede the progress of this action and there is no prejudice to Plaintiff, Advanced American Defendants, The Act 1 Group or Brett Howroyd because a Judgement already has been entered in favor of Plaintiff.  Advanced American Defendants also consent to McGuireWoods' motion to withdraw as counsel.

**B.     McGuireWoods' Request to Withdraw as Counsel for Advanced American Defendants**

27.     McGuireWoods and Advanced American Defendants have a difference in litigation strategy that cannot be reconciled.  Advanced American Defendants have failed to cooperate in their defense.  For example, Advanced American Defendants failed to provide Plaintiff's pay and time and attendance records or documents showing their inability to pay any settlement.  Advanced American Defendants also failed to comply with the terms of the settlement agreement negotiated before and approved by this Court. In addition, Advanced American Defendants have not paid McGuireWoods' invoices.

28.     Prior to making this motion, McGuireWoods LLP advised Advanced American Defendants and the Court that it would file a motion to withdraw on the grounds set forth herein. Advanced American Defendants consented to McGuireWoods LLP's withdrawal as its counsel in this litigation.  Indeed, in their May 11, 2018 letter to the Court, Advanced American Defendants acknowledge that they "no longer have legal representation in this matter."  (Dkt. No. 69.)

29.     Accordingly, we respectfully request that the Court issue an order permitting our firm to withdraw as counsel for Advanced American Defendants.

30.     There has been no prior application for the relief requested herein.

I declare under the penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing

is true and correct.

Dated: May 21, 2018
        New York, NY

_____

Philip A. Goldstein